IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-080-GMS |
| | ) |
| THE REYBOLD GROUP OF COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Errick M. Wright ("Wright"), filed this lawsuit alleging fraud, interference with judicial proceedings and obstruction of justice, breach of constitutional rights, and conspiracy. The complaint asserts jurisdiction pursuant to 28 U.S.C. § 1331 by reason of a federal question. Wright appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The parties have filed several motions subsequent to the filing of the complaint. The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The complaint contains the following counts: Count 1, fraud; Count 2, interference with judicial proceedings and obstruction of justice; Count 3, breach of rights under the Fourth Amendment of the United States Constitution; Count 4, breach of rights under the Fourteenth Amendment of the United States Constitution; and Count 5, conspiracy to defraud and to deprive the plaintiff of his constitutional rights. Wright seeks compensatory, statutory, and exemplary damages.

Wright alleges that on September 12, 2011, the defendant The Reybold Group of Companies, Inc., ("Reybold")[1] induced him to enter into an illegal legal agreement in an attempt to defraud him for financial gain. Wright did not attach a copy of the agreement to his complaint. Reybold, however, provided the court with a copy of the agreement for Reybold Self-Storage/ North Market, signed by Wright "under protest; A.R.R.; ex. rel. McNeil Brooks Retail Holdings, LLC" ("McNeil Brooks"). (D.I. 9, ex. A.) Wright is the organizer and registered agent for McNeil Brooks Retail Holdings, LLC. (D.I. 11, ex. 3.)

On January 24, 2012, Wright was verbally notified that McNeil Brooks was in default of rent payments. Wright requested access to the rental unit to recover personal property that included records of cases he has filed in this court. Wright was denied access to the rental unit. This caused Wright unnecessary delay in filing responses and complying with courts orders in his cases. Wright further alleges that the unlawful seizure of his property violated his Fourth Amendment rights and his due process rights under the Fourteenth Amendment of the United States Constitution. Finally, Wright alleges that Reybold and those acting in active concert conspired to defraud him and to violate his constitutional rights.

---

[1] Without waiting for the court to conduct its initial screening of this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Reybold moved for dismissal and/or for summary judgment on the grounds that Wright incorrectly named it as a defendant. (D.I. 9.) Reybold states that Wright entered into an agreement with Reybold Venture Group XV, LLC trading as Reybold Self-Storage/North Market, and that it is not the owner or operator of Reybold Self-Storage/North Market and has no involvement with said entity. Wright moves to amend to add as defendants Reybold Venture Group, LLC, and Jerome S. Heisler, Jr. (D.I. 4.) The court will not address the merits of either motion inasmuch as it will dismiss the constitutional claims as frivolous and amendment of those claims is futile, even were the proposed defendants added. In addition, the court will decline to exercise supplemental jurisdiction over the remaining state law claims.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

3

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Wright leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Wright has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Wright's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

## III. DISCUSSION

### A. Constitutional Claims

While not clear, it may be that Wright alleges a violation of his First Amendment right to access the courts in Count 2 wherein he alleges interference with judicial proceedings and obstruction of justice.[3] In Counts 3 and 4, Wright attempts to raise claims for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution on the grounds that Reybold unlawfully seized his property without due process. Wright, however, cannot maintain a cause of action for alleged violations of his rights under these constitutional amendments because Reybold is a private party, rather than a governmental actor.

Numerous courts have recognized the fundamental principle in constitutional law that these constitutional amendments guarantee protection against governmental action, but do not extend to the acts of private citizens or corporations. *See, e.g., Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 930 (1982) (the Due Process Clause protects individuals only from governmental and not from private action); *Showalter v. Brubaker*, 493 F. Supp. 2d 752, 757 (E.D. Pa. 2007) ("The Fourth Amendment only protects against governmental action, not private action."); *Talley v. Feldman*, 941 F.Supp. 501, 512 (E.D. Pa. 1996) ("It is well settled that the First and Fifth Amendment of the Constitution 'apply to and restrict only the Federal Government and not

---

[3]Wright's January 30, 2012 letter (D.I. 5) to the court states that he was unable to timely file pleadings in three civil cases before the court: *Wright v. Arrow Financial Services, Inc.*, Civ. No. 09-612-GMS; *Wright v. Fidelity Brokerage Services LLC*, Civ. No. 10-988-GMS, and *Wright v. Applied Bank*, Civ. No. 11-585-GMS. The court has reviewed the dockets for each case and Wright has continued to file in all cases. In addition, the docket reflects that the court has granted his motions seeking additional time.

private persons.'") (quoting *Public Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461-62 (1952)).

To the extent that Wright raises claims for alleged violations of the First, Fourth, and Fourteenth Amendments against Reybold as a private actor, these claims are simply not cognizable and will be dismissed as frivolous. Moreover, while there may be scenarios where private parties may be considered to be governmental actors where certain considerations are present, any such potential considerations are absent from the allegations of the complaint, even when liberally construed.

To the extent that Count 5 alleges a conspiracy to deprive Wright of his constitutional rights, the claim fails. The allegations are conclusory but, even were they adequately pled, a 42 U.S.C. § 1983 conspiracy claim only arises when there has been an actual deprivation of a right. *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (not published).

Wright cannot maintain constitutional deprivation claims against Reybold and, therefore, cannot maintain a claim that Reybold conspired to violated his constitutional rights. For the above reasons, the court will dismiss as frivolous the Counts 2, 3, 4, and 4 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Supplemental State Claims

This case concerns the rental of a self-storage unit which, in Delaware, is governed by the Self-Service Storage Facility Act, 25 Del. C. §§ 4901-4905. Wright does not invoke this Act but,

rather, raises claims pursuant to state law as follows: Count 1 (i.e., fraud), Count 2 (i.e., interference with judicial proceedings and obstruction of justice), and Count 3 (i.e., conspiracy to defraud).

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may refuse to exercise such jurisdiction where, as in the instant case, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

Here, the court finds no affirmative justifications to warrant the exercise of supplemental jurisdiction. Inasmuch as the court will dismiss Wright's constitutional claims, it will decline to exercise supplemental jurisdiction over the remaining state-law claims. The state-law claims will be dismissed without prejudice to allow Wright to re-file them in state court if he so desires.

## IV. CONCLUSION

For the above reasons, the court will deny all pending motions (D.I. 4, 9, 10, 11) as moot;[4] will dismiss the federal claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Leave

---

[4] Concurrent with the filing of the complaint, Wright issued a subpoena duces tecum upon Reybold requiring it to produce documents the next day. Reybold objects to the subpoena.

to amend the constitutional claims would be futile. The court will decline to exercise supplemental jurisdiction and will dismiss the accompanying state-law causes of action without prejudice for lack of jurisdiction.

    An appropriate order will be entered.

                                                                       /s/ [signature]
                                                CHIEF, UNITED STATES DISTRICT JUDGE

May 7, 2012
Wilmington, Delaware

---

Reybold is under no obligation to respond to the subpoena. It was served upon Reybold prematurely, prior to service of the summons and complaint. In addition, document production requests between parties takes place pursuant to Fed. R. Civ. P. 34, not by subpoena. Finally, the subpoena issued in derogation of Fed. R. Civ. 45 which allows a reasonable time for compliance.

8